LINKS: 31, 32

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-01486 GAF (Ex) | Date | June 18, 2012 |
|---|---|---|---|
| Title | Wing Shan Chan v. Chase Home Finance LLC et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**       **(In Chambers)**

**<u>ORDER RE: MOTIONS TO DISMISS</u>**

**I.
INTRODUCTION AND BACKGROUND**

On January 6, 2011, Plaintiff filed this lawsuit in Los Angeles County Superior Court against Defendants Chase Home Finance, LLC ("Chase"), Cal-Western Reconveyance Corp. ("Cal-Western"), and Does 1 through 50, in connection with the foreclosure sale of her real property located in El Monte, California. (See Docket No. 1-1.) On February 4, 2011, Plaintiff amended her state court complaint to substitute Defendant Federal Home Loan Mortgage Corporation ("Freddie Mac") for Doe No. 1. (See Docket No. 1-2 at 8.) On February 17, 2011, Freddie Mac removed the matter to this Court. (Docket No. 1 [Not. of Removal].) As amended, Plaintiff's complaint states sixteen causes of action: (1) wrongful foreclosure; (2) negligence; (3) negligence per se; (4) intentional misrepresentation; (5) fraudulent misrepresentation; (6) false promise; (7) breach of contract; (8) breach of the covenant of good faith and fair dealing; (9) unjust enrichment; (10) constructive trust; (11) rescission based on lack of consideration; (12) rescission based on bilateral mistake; (13) rescission based on intentional misrepresentation; (14) rescission based on negligent misrepresentation; (15) quiet title; and (16) declaratory relief. (Docket No. 15 [First Amended Complaint ("FAC")].) Plaintiff seeks compensatory and punitive damages, rescission of the foreclosure sale, and return of the property.

The gravamen of Plaintiff's complaint is that her lender, Chase, undertook review of her application for a loan modification for more than 14 months while Plaintiff made all payments under the terms of an oral forbearance agreement, then foreclosed on her property with no

LINKS: **31, 32**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-01486 GAF (Ex) | Date | June 18, 2012 |
|---|---|---|---|
| Title | Wing Shan Chan v. Chase Home Finance LLC et al | | |

warning and no explanation, and without making a final determination on her modification application. Until one day before the sale, Chase represented that Plaintiff's application was complete and was being reviewed, and that the foreclosure sale would be postponed. Freddie Mac only acquired the property from Chase months after the foreclosure sale. Defendants now move separately to dismiss. (Docket Nos. 31 [Chase Mem.], 32 [Freddie Mac] Mem.) For the reasons discussed in greater detail below, the Court **GRANTS** the motions to dismiss **in part**, and **DENIES** them **in part**.

## A. PLAINTIFF REFINANCES HER EL MONTE PROPERTY WITH A LOAN FROM CHASE

Plaintiff alleges that, on August 23, 2004, she refinanced her El Monte property by securing a loan of $270,000 from Freddie Mac, and executed a new deed of trust in Freddie Mac's favor, and that Chase serviced this loan for Freddie Mac. (FAC ¶¶ 8–9.) However, the deed of trust indicates that the lender and beneficiary under the security instrument was Chase Manhattan Mortgage Company. (Docket No. 31-2 [JPMorgan Chase Req. Judicial Not. ("Chase RJN")] ¶ 1, Ex. 1; Docket No. 32-2 [Freddie Mac Req. Judicial Not. ("Freddie Mac RJN")][1], Ex. A.) Plaintiff does not actually dispute that Chase, and not Freddie Mac, was the lender and the beneficiary under the deed of trust executed in connection with her refinancing loan. (See Opp. at 1 & n.1.) Accordingly, the Court accepts the facts demonstrated by the deed of trust as true.

## B. PLAINTIFF DEFAULTS ON HER LOAN PAYMENTS

On January 22, 2009, Defendant Cal-Western recorded a Notice of Default against the property, on Chase's behalf, showing Plaintiff's payments to be in arrears by $11,362.98 as of that date. (FAC ¶ 11; Chase RJN ¶ 2, Ex. 2.) On April 24, 2009, Cal-Western recorded a notice of trustee's sale, set for May 13. (FAC ¶ 12; Chase RJN ¶ 3, Ex. 3.) Plaintiff then contacted Chase and asked to modify the terms of the loan, but was refused. (FAC ¶ 13.) Chase also refused Plaintiff's request to reinstate the terms of the loan even though she told Chase she was ready and able to do so. (Id. ¶ 14.) The events that followed are the subject of this lawsuit.

---

[1] The Court takes judicial notice, pursuant to Federal Rule of Evidence 201, of the documents requested by Defendants because all are matters of public record. See Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) ("under Fed. R. Evid. 201, a court may take judicial notice of 'matters of public record'"). Moreover, the Court may properly consider judicially noticeable documents on a motion to dismiss, without converting the motion to a motion for summary judgment. United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003); Lee, 250 F.3d 668 at 689. However, although the Court may take judicial notice of the fact of these records, the Court may not take judicial notice of any disputed facts stated in them. Lee, 250 F.3d at 688–90.

LINKS: 31, 32

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-01486 GAF (Ex) | Date | June 18, 2012 |
|---|---|---|---|
| Title | Wing Shan Chan v. Chase Home Finance LLC et al | | |

## C.  OVER THE COURSE OF 14 MONTHS, PLAINTIFF SEEKS TO MODIFY HER LOAN

In September 2009, Plaintiff enlisted the assistance of the San Gabriel Valley Loan
Modification Center, and Chase agreed to a forbearance plan, under which Plaintiff was to pay
an initial sum of $4,000 and then make monthly payments of $1,483.73 while her loan was being
considered for permanent modification through the Home Affordable Modification Program
("HAMP").  (Id. ¶¶ 14–16.)   These terms were not reduced to writing, but Chase agreed to
postpone the foreclosure sale.  (Id. ¶ 16.)  Plaintiff made the required monthly payments in
October, November, and December.  (Id. ¶ 17.)  In January 2010, Chase informed Plaintiff that it
would no longer proceed with the HAMP modification, but that Plaintiff could apply for a
"traditional" modification while continuing to make payments under the forbearance plan. (Id. ¶
18.)  Chase again did not provide these terms in writing, but agreed to postpone any scheduled
foreclosure sales.  (Id.)  Plaintiff sent a modification application package to Chase on February
9, 2010.  (Id. ¶ 19.)  When Chase claimed that it only received part of the package, Plaintiff re-
faxed the complete package the same day.  (Id. ¶ 20.)  Between February 19 and March 10,
2010, Chase agents Brittney, Brian, Telisa, and Dante confirmed that the complete application
was received, that no further documents were needed, and that the application was under "active
review."  (Id. ¶¶ 20–23.)

On May 5, 2010, Chase advised Plaintiff that it would not modify the loan because "the
bank" had a different mailing address in its database than the property address, but that Plaintiff
should submit a new application.  Chase agreed to postpone the foreclosure sale.  (Id. ¶ 24.)  On
May 13, Chase supervisor Brenda Smith asked Plaintiff if she had a written forbearance
agreement; Plaintiff replied that she had never been provided one, which Chase confirmed.  (Id.
¶ 26.)  On May 17, Plaintiff submitted a new modification application.  (Id. ¶ 27.)

On June 9, 2010, Plaintiff spoke with Chase agent Nowell, who stated that Chase had all
the documents needed and that a decision on Plaintiff's modification application would be
reached within 10 days.  At the time, a foreclosure sale was scheduled for July 7.  (Id. ¶ 28.)
On June 21, Chase agent Tyler informed Plaintiff that her application was "in line" for review
for a HAMP modification and a traditional modification, and that after it was assigned to a
"relationship manager," a final disposition would be reached quickly.  (Id. ¶ 29.)  Tyler stated
that he would request that Plaintiff's application be escalated and would confirm with his
supervisor that the foreclosure sale was postponed.  (Id.)  On June 29, Chase agent Jason
informed Plaintiff that her application had been assigned to relationship manager Earl Kulp on
May 26, and provided Kulp's telephone number and extension.  (Id. ¶ 30.)

On July 1, Plaintiff called the number and extension provided, but reached a different

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-01486 GAF (Ex) | Date | June 18, 2012 |
|---|---|---|---|
| Title | Wing Shan Chan v. Chase Home Finance LLC et al | | |

Chase agent, named Verdell. (Id. ¶ 31.) Verdell stated that Chase <u>might</u> require updated bank statements and profit and loss statements, but he did not request these materials at that time. (Id.) Verdell stated that he would ask Cal-Western, the trustee, to postpone the foreclosure sale. (Id.) On July 6, Plaintiff spoke with Chase agent Terry, who stated that she could not see the first pages of the most recently faxed modification application. Plaintiff re-faxed these pages, and Chase agent Kim confirmed that they were received. (Id. ¶ 32.) On July 14, Chase agent Tony informed Plaintiff that her application had been sent to Chase's underwriting department a week ago, and that no foreclosure sale was currently scheduled. Tony told Plaintiff that he would have her relationship manager, Earl Kulp, call her. Plaintiff never received this call. (Id. ¶ 33.) On July 16, Chase agent Evan confirmed that Chase had all documents needed to review Plaintiff's modification application. He informed Plaintiff that a foreclosure sale had been set for July 29, but that this date had been postponed. (Id. ¶ 34.) On July 20, Chase agent Sweety confirmed that the sale date had been postponed, and informed Plaintiff that her application had been assigned to Javier Bal for review for a traditional modification. (Id. ¶ 35.) On July 23, Chase agent Susan informed Plaintiff that a foreclosure sale was set for August 25, but confirmed that Plaintiff's application was with Chase's underwriting department and that no further documents were needed. (FAC ¶ 36.) On July 28, Chase recorded a notice of trustee's sale, with the sale date set for August 25. (Id. ¶ 37; Chase RJN ¶ 4, Ex. 4.)

On August 9, 2010, Chase agent Rudy informed Plaintiff that he would try to escalate her application, and that, for unknown reasons, her application had been reassigned to Rebecca Folz. (Id. ¶ 38.) On August 20, Chase agent Crystal informed Plaintiff that the sale date had been vacated and that no new date had been set. (Id. ¶ 39.) Crystal confirmed that Plaintiff's application was complete, and that no further documents were needed. (Id.) On September 3, Chase agent Anita informed Plaintiff that a document was missing from her application; however, when asked to re-check, Anita confirmed that Plaintiff's application was complete and stated that she would so inform Folz. (Id. ¶ 40.) However, on September 8, Chase agent Dave informed Plaintiff that Chase needed further information, including Plaintiff's ownership percentage in a business and her September 2009 taxes. Plaintiff informed Chase that she had filed an extension for her taxes, and that these would not be completed until October. The same day, Plaintiff faxed a letter to Chase providing the information requested with regard to business ownership, and documenting the discussion regarding her tax information. (Id. ¶ 41.) On September 13, Chase agent Ms. Grant informed Plaintiff that this information had been received, and that she had notified Folz that Plaintiff's application was complete. (Id. ¶ 42.) On September 15, Chase agent Tony also confirmed that Plaintiff's application was complete and that no further documents were needed. (Id. ¶ 43.) On September 21, Chase agent Alisha confirmed that Plaintiff's application was still under review by Folz, and provided Folz's telephone number and extension. Alisha also transferred Plaintiff to Chase agent Julia, who

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-01486 GAF (Ex) | Date | June 18, 2012 |
|---|---|---|---|
| Title | Wing Shan Chan v. Chase Home Finance LLC et al | | |

informed Plaintiff that Chase needed a letter of employment from Plaintiff's employer. Plaintiff faxed this letter to Chase the same day. (<u>Id.</u> ¶ 44.) The next day, September 22, Chase agent Gabriel informed Plaintiff that Chase now needed profit and loss statements from Plaintiff. Plaintiff faxed these to Chase the same day. (<u>Id.</u> ¶ 45.)

On October 11, 2010, Chase agent Melanie informed Plaintiff that Chase needed a new Form 4506-T and a letter authorizing Chase to obtain a credit report for Plaintiff's husband. Plaintiff complied with this request on October 19. (<u>Id.</u> ¶¶ 46–49.) On October 26, Chase agent Sandra confirmed that these documents were received, and stated that she would notify the underwriting department. (<u>Id.</u> ¶ 50.) On November 3, Chase agent Paul informed Plaintiff that Chase now needed updated profit and loss reports for a business run by her husband, updated bank statements, and a new Form 4506-T. (<u>Id.</u> ¶ 51.) Plaintiff faxed these documents to Chase on November 10. (<u>Id.</u> ¶ 52.) On November 15, Chase agent Tony informed Plaintiff that the first 14 pages of the fax had not been received; Plaintiff re-faxed the documents that day. (<u>Id.</u> ¶ 53.) On November 22, Chase agent Tara informed Plaintiff that she had sent a note to a relationship manager to review Plaintiff's application and return it to Folz in the underwriting department. Tara also told Plaintiff that she would ask Cal-Western to postpone the foreclosure sale set for November 30. (<u>Id.</u> ¶ 54.)

**D. PLAINTIFF'S PROPERTY IS SOLD AT A FORECLOSURE SALE**

On November 29, Plaintiff spoke with unnamed Chase agents who informed her that Chase had decided not to postpone the foreclosure sale, but could not explain the change of position or why Plaintiff had not been notified. (<u>Id.</u> ¶ 55.) On November 30, the property was sold at a non-judicial foreclosure sale. (<u>Id.</u> ¶ 56; Chase RJN ¶ 5, Ex. 5 [Trustee's Deed upon Sale].) Plaintiff alleges that the property was sold to Defendant Freddie Mac; however, the Trustee's Deed upon Sale indicates that it was sold to Chase. (FAC ¶ 56; Trustee's Deed upon Sale.) Plaintiff does not actually dispute that Chase, rather than Freddie Mac, purchased the property at the foreclosure sale. (<u>See</u> Opp. at 1 & n.1, 4–5.) Accordingly, the Court accepts the facts demonstrated in the Trustee's Deed upon Sale as true. This document also indicates that the amount of unpaid debt was $290,325.35. (Trustee's Deed upon Sale.)

Plaintiff alleges that, "[i]n the <u>more than one year period</u> it took Chase to 'review' [her application], Chan's finances had improved," and that, "[a]s of November 2010, she was ready, willing, and able to either return to the original terms of the [loan] or reinstate it." (<u>Id.</u> ¶ 58 (original emphasis).) Also, at the end of November 2010, Plaintiff was current with her monthly payments under the forbearance agreement. (<u>Id.</u> ¶ 59.) According to Plaintiff, Chase "has <u>never</u> <u>explained</u> why it did not postpone the [f]oreclosure [s]ale," has "<u>never explained</u> why it never

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-01486 GAF (Ex) | Date | June 18, 2012 |
|---|---|---|---|
| Title | Wing Shan Chan v. Chase Home Finance LLC et al | | |

finished reviewing [Plaintiff's application]," and has "[n]ever indicated whether [Plaintiff] qualified for a traditional modification."  (Id. ¶ 60 (original emphasis).)

On April 14, 2011, Chase transferred the subject property to Freddie Mac by way of grant deed.  (Chase RJN, Ex. 6; Freddie Mac RJN, Ex. C.)

**II.**
**DISCUSSION**

**A.  RULES 12(B)(6) AND 9(B) LEGAL STANDARDS**

A complaint may be dismissed if it fails to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6).  On a motion to dismiss under Federal Rule of Civil Procedure ("F.R.C.P.") 12(b)(6), a court must accept as true all factual allegations pleaded in the complaint, and construe them "in the light most favorable to the nonmoving party."  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996); see also Stoner v. Santa Clara County Office of Educ., 502 F.3d 1116, 1120–21 (9th Cir. 2007).  Dismissal under Rule 12(b)(6) may be based on either (1) a lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory.  SmileCare Dental Grp. v. Delta Dental Plan of Cal., Inc., 88 F.3d 780, 783 (9th Cir. 1996) (citing Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984)).

Under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The Supreme Court has interpreted this rule to allow a complaint to survive a motion to dismiss only if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. (citing Twombly, 550 U.S. at 556).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has not sufficiently established that the pleader is entitled to relief.  Id. at 1950.

A complaint generally need not contain detailed factual allegations, but "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citation, alteration, and internal quotations omitted).  Similarly, a court need not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th

LINKS: 31, 32

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-01486 GAF (Ex) | Date | June 18, 2012 |
|---|---|---|---|
| Title | Wing Shan Chan v. Chase Home Finance LLC et al | | |

Cir. 2001). That is, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. . . . While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 129 S. Ct. at 1949–50; see also Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003).

Moreover, Rule 9(b) imposes heightened pleading requirements for claims of fraud. See Fed. R. Civ. P. 9(b). A plaintiff "must state with particularity the circumstances constituting fraud," but can allege generally "[m]alice, intent, knowledge, and other conditions of a person's mind." Id. The particularity requirement "has been interpreted to mean the pleader must state the time, place and specific content of the false representations as well as the identities of the parties to the misrepresentation." Miscellaneous Serv. Workers, Drivers & Helpers, Teamsters Local No. 427 v. Philco-Ford Corp., 661 F.2d 776, 782 (9th Cir. 1981). Further, where there are multiple defendants, "Rule 9(b) does not allow a complaint to . . . lump multiple defendants together but require[s] plaintiffs to differentiate their allegations when suing more than one defendant." Destfino v. Reiswig, 630 F.3d 952, 958 (9th Cir. 2011) (citation and internal quotation marks omitted). In addition, the plaintiff must "set forth what is false or misleading about a statement, and why it is false." Rubke v. Capitol Bancorp Ltd., 551 F.3d 1156, 1161 (9th Cir. 2009) (internal quotations omitted). These requirements "ensure[] that allegations of fraud are specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985).

**B. APPLICATION**

**1. BREACH OF CONTRACT AND BAD FAITH**

To state a claim for breach of contract under California law, a plaintiff must allege "(1) existence of the contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the breach." CDF Firefighters v. Maldonado, 70 Cal. Rptr. 3d 667, 679 (Ct. App. 2008).

To state a claim for breach of the implied covenant of good faith and fair dealing, a plaintiff must allege that "(1) the parties entered into a contract; (2) the plaintiff fulfilled his obligations under the contract; (3) any conditions precedent to the defendant's performance occurred; (4) the defendant unfairly interfered with the plaintiff's rights to receive the benefits of the contract; and (5) the plaintiff was harmed by the defendant's conduct." Rosenfeld v. JPMorgan Chase Bank, N.A., 732 F. Supp. 2d 952, 968 (N.D. Cal. 2010).

LINKS: 31, 32

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-01486 GAF (Ex) | Date | June 18, 2012 |
|---|---|---|---|
| Title | Wing Shan Chan v. Chase Home Finance LLC et al | | |

Plaintiff's claims for breach of contract and bad faith are based on the allegations that she had an oral agreement with Chase to temporarily modify the terms of the loan with "forbearance" terms and to postpone the foreclosure sale while her permanent modification application was under consideration. (FAC ¶¶ 16, 18, 24, 100, 107.) Plaintiff alleges that she completely performed by making payments under its terms and providing all requested modification documents. (Id. ¶¶ 101, 108.) Chase breached by holding the foreclosure sale and failing to consider Plaintiff for the loan modification. (Id. ¶¶ 102, 109.) Plaintiff further alleges that she lost title to her property as a result of Chase's breach and interference with her right to receive the agreement's benefits. (Id. ¶¶ 105, 110–11.)

On Plaintiff's allegations, it is plain to the Court that Plaintiff had an agreement with Chase that she would make certain forbearance agreement while her application for a loan modification was under review; that Plaintiff performed by making all required payments; and that Chase breached the agreement by foreclosing on the property without making a determination on Plaintiff's modification application, and interfered with her rights under the agreement by delaying and ultimately failing to make a determination; and that she was harmed as a result, because she stood ready to make payments under the original or modified terms of the loan, but was prevented the opportunity to do so.

Chase argues that Plaintiff's claim of breach of an oral agreement to forbear and to postpone the foreclosure sale is barred by the statute of frauds, relying on Secrest v. Security Nat'l Mortg. Loan Trust 2002-2, 84 Cal. Rptr. 3d 275 (Ct. App. 2008), which held that a forbearance agreement is subject to the statute of frauds. Id. at 282–83. However, Chase ignores the fact that Secrest also permits Plaintiff to claim that Chase is estopped from asserting the statute of frauds based on its conduct. See id. at 283–85. At California law, a party can estop another party from asserting the statute of frauds if the party seeking to enforce the contract can allege that it has partially performed, and that it has "changed its position in reliance on the oral contract to such an extent that application of the statute of frauds would result in an unjust or unconscionable loss, amounting in effect to a fraud." Id. at 284 (internal citations omitted). The plaintiffs in Secrest lost because they alleged only that they had made a downpayment, which could be adequately compensated at law. Id. at 284–85. Here, Plaintiff alleges that she partially performed her end of the bargain by making all forbearance payments and submitting all required modification documents. Moreover, she changed her position in reliance on the oral agreement, because, as of November 2010, she was able to return to the original terms of the loan or reinstate her monetary default, but chose not to do so in reliance on the oral agreement. (FAC ¶¶ 58–59, 101, 108.) Under Cal. Civ. Code section 2924c(e), Plaintiff had from the date of recordation of the notice of default until five days prior to the sale date set forth in the recorded notice of sale to reinstate her monetary default. Cal. Civ. Code § 2924c(e).

LINKS: 31, 32

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-01486 GAF (Ex) | Date | June 18, 2012 |
|---|---|---|---|
| Title | Wing Shan Chan v. Chase Home Finance LLC et al | | |

Plaintiff plainly let this statutory right lapse as she continued to make forbearance payments and provide requested documentation in the hopes of modification.  Finally, on Plaintiff's allegations, it was <u>Chase</u> that refused to put the terms of the Parties' agreement in writing.  Thus, Plaintiff has alleged sufficient facts supporting a finding that Chase is estopped from asserting a statute of frauds defense to the oral forbearance agreement.

It is also possible to view Chan's actions as <u>full performance</u> of her obligations under the oral agreement.  Based on Chan's full performance, under California law, the oral modification of the written mortgage contract was "executed" if Chan gave sufficient consideration for the modification.  Cal. Civ. Code § 1698; <u>Raedke v. Gibraltar Sav. and Loan Ass'n</u>, 10 Cal. 3d 665, 673 (1974); <u>Ansanelli v. JP Morgan Chase Bank, N.A.</u>, No. C 10–03892 WHA, 2011 WL 1134451, at *3–4 (N.D. Cal. Mar. 28, 2011).  Chase argues that consideration was lacking, because Plaintiff was already required to make payments under the deed of trust, and the submission of a modification application—done to save Plaintiff's home from her own default—does not constitute consideration.  (Chase Mem. at 5–6.)  There are two requirements to establish consideration: "[t]he promisee must confer (or agree to confer) a benefit or must suffer (or agree to suffer) prejudice"; and "the benefit or prejudice must actually be bargained for as the exchange for the promise," that is, "the benefit or prejudice must have induced the promisor's promise."  <u>Steiner v. Thexton</u>, 48 Cal. 4th 11, 421–22 (2010).  Promissory estoppel may substitute for consideration.  <u>Vissuet v. IndyMac Mortg. Svcs.</u>, No. 09-CV-2321-IEG (CAB), 2010 WL 1031013, at *4 (S.D. Cal. Mar. 19, 2010).  Under the doctrine of promissory estoppel, "'a promisor is bound when he should reasonably expect a substantial change of position, either by act or forbearance, in reliance on his promise, if injustice can be avoided only by its enforcement.'" <u>Id.</u> (quoting <u>Raedeke</u>, 10 Cal. 3d at 672).  Here, Plaintiff has adequately alleged that Chase promised to postpone the foreclosure sale if she made forbearance payments and applied for a loan modification; that Chase should have reasonably expected that she would rely on the promise; that she relied by submitting all required documents and forgoing other options, such as reinstating her monetary default; and that, if the promise were not enforced, injustice would occur, because Plaintiff will be without relief for the loss of her home.  Thus, Plaintiff's FAC plainly alleges facts sufficient to support her claim that she had an enforceable oral forbearance agreement with Chase.

Chase cites <u>Carma Developers (Cal.), Inc. v. Marathon Dev. Cal., Inc.</u>, 6 Cal. Rptr. 2d 467 (Ct. App. 1992), for the proposition that it cannot be found to have acted in bad faith merely for foreclosing on Plaintiff's property, which it was permitted to do under the Deed of Trust.  Chase's argument misses the point—which is that its alleged conduct was directly contrary to the Parties' oral forbearance agreement.  Accordingly, the Court concludes that Plaintiff has adequately pled claims for breach of contract and bad faith; Chase's motion to dismiss these

**LINKS: 31, 32**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-01486 GAF (Ex) | Date | June 18, 2012 |
|---|---|---|---|
| Title | Wing Shan Chan v. Chase Home Finance LLC et al | | |

claims is **DENIED**.  However, because Plaintiff alleges no facts against Freddie Mac as to these claims, the claims are **DISMISSED** as against Freddie Mac **with prejudice**.

### 2. INTENTIONAL AND NEGLIGENT MISREPRESENTATIONS AND FALSE PROMISE

These claims are based on the allegations that Chase represented that it would consider Plaintiff for modification and would postpone the foreclosure sale; that it did not do so; and that Plaintiff relied on the representations to her detriment.  (FAC ¶¶ 74, 90.)

Rule 9(b) sets a heightened pleading standard for misrepresentation claims and requires a plaintiff to "state with particularity the circumstances constituting fraud" to give the defendant a reasonable opportunity to defend against them.  Fed. R. Civ. P. 9(b).  This heightened pleading standard applies to state-law claims sounding in fraud.  Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1103–04 (9th Cir. 2003).  Under Rule 9(b), "the pleader must state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation."  Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc., 806 F.2d 1393, 1401 (9th Cir. 1986).  In addition to identifying the false representations, the plaintiff "must set forth what is false or misleading about a statement, and why it is false."  Vess, 317 F.3d at 1106 (quotations and citation omitted).  "Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged."  Id. (quotations and citation omitted). Moreover, "[i]n the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum, identify the role of each defendant in the alleged fraudulent scheme."  Swartz v. KPMG LLP, 476 F.3d 756, 765 (9th Cir. 2007) (internal alterations and quotations omitted). Finally, when these claims are against a corporation, the plaintiff "must allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written."  Reed v. Wells Fargo Bank, No. C 11-00194, 2011 WL 4802542, at *4 (N.D. Cal. Oct. 11, 2011) (citation and internal quotation marks omitted); see also Baidoobonso-Iam v. Bank of America (Home Loans), No. CV 10-9171, 2011 WL 3103165, at *5 (C.D. Cal. July 25, 2011); Mejia v. EMC Mortg. Corp., No. CV 09-4701, 2011 WL 2470060, at *12 (C.D. Cal. June 16, 2011).

Plaintiff must also adequately allege facts supporting each element of her claims.  The elements of intentional, fraudulent misrepresentation are as follows: "(1) the defendant represented to the plaintiff that an important fact was true; (2) that representation was false; (3) the defendant knew that the representation was false when the defendant made it, or the defendant made the representation recklessly and without regard for its truth; (4) the defendant intended that the plaintiff rely on the representation; (5) the plaintiff reasonably relied on the representation; (6) the plaintiff was harmed; and, (7) the plaintiff's reliance on the defendant's

LINKS: 31, 32

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-01486 GAF (Ex) | Date | June 18, 2012 |
|---|---|---|---|
| Title | Wing Shan Chan v. Chase Home Finance LLC et al | | |

representation was a substantial factor in causing that harm to the plaintiff."  <u>Perlas v. GMAC Mortg.</u>, LLC, 113 Cal. Rptr. 3d 790, 794 (Ct. App. 2010) (emphasis in original).  A claim for negligent misrepresentation contains the same elements, "except there is no requirement of intent to induce reliance."  <u>Cadlo v. Owens-Illinois, Inc.</u>, 23 Cal. Rptr. 3d 1, 5 (Ct. App. 2004).  The elements of a claim for false promise are (1) the defendant made a promise as to a material matter, but, at the time it was made, did not intend to perform it; (2) the defendant must have made the promise for the purpose of inducing the plaintiff to reply upon it; (3) the plaintiff was unaware of the defendant's intention not to perform, acted in reliance on the promise and was justified in acting in reliance; and (4) as a result of the reliance, the plaintiff sustained damage. BAJI 12.40 Fraud and Deceit—False Promise; <u>see also</u> 1 B.E. Witkin, Summary of California Law § 293 (10th ed. 2005).

The Court concludes that Plaintiff's misrepresentation claims are sufficient under Rule 9(b) to allow the misrepresentation claims to proceed against Chase.  While there are some details missing from the allegations – notably the title and authority of some of the many Chase representatives with whom Plaintiff dealt – that deficiency is largely the result of practices initiated by Chase.  Plaintiff cannot be faulted for dealing with those persons whom Chase put at the other end of the telephone line.  Assuming the truth of Plaintiff's allegations, Chan did all that could be done to provide Chase with the information that it requested, requested again, and then re-requested.  Plaintiff has provided the dates of her contacts, the names of persons with whom she had contact and the content of statements made to her.  She was repeatedly told that the foreclosure sale would be postponed while her request for modification was under consideration, that she would be advised in a timely way if Chase declined the modification and intended to go forward with the foreclosure sale, and that these representations turned out to be untrue as Chase abruptly refused a modification and sold the property before she had any opportunity to make a final effort to cure her default.  Moreover, she alleges reasonably reliance and damage because, according to the FAC, her economic circumstances had sufficiently improved that she could have avoided foreclosure.  (<u>See</u> FAC ¶¶ 16, 18.)  Chase has more than enough information to give it adequate notice of the fraud claim to allow it to defend itself in this lawsuit.  The motion to dismiss the misrepresentation claims as to Chase is **DENIED.**

Plaintiff makes no allegations against Freddie Mac with regard to these claims, save for a general allegation that Chase acted as an agent of Freddie Mac in making the representations and promises.  (<u>See</u> FAC ¶¶ 81, 98.)  This assertion is utterly unsupported by factual allegations. Accordingly, these claims are **DISMISSED** as against Freddie Mac **with prejudice**.

**3.  WRONGFUL FORECLOSURE AND RESCISSION CLAIMS**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-01486 GAF (Ex) | Date | June 18, 2012 |
|---|---|---|---|
| Title | Wing Shan Chan v. Chase Home Finance LLC et al | | |

Plaintiff alleges that the foreclosure violated California Civil Code section 2924 on the basis that Chase lacked the power of sale when it foreclosed on the property, because Plaintiff was current on her payments under the terms of the oral forbearance agreement and thus did not breach any obligation under the trust deed. (FAC ¶¶ 62–63.) Plaintiff also asserts four claims purporting to seek to rescind the sale under Cal. Civ. Code section 1689(b)(2), based on lack of consideration possessed by Chase and bilateral mistake; under Cal. Civ Code sections 1572(1) and 1689(b)(1), based on intentional misrepresentation; and Cal. Civ. Code sections 1572(2) and 1689(b)(1), based on negligent misrepresentation. The theory underlying each of Plaintiff's rescission claims is the same as that underlying her wrongful foreclosure claim: that Chase lacked the power of sale when it foreclosed on the property, because Plaintiff was compliant with the modified terms of the trust deed.

As an initial matter, California Civil Code sections 1572 and 1689 do not support the rescission claims that Plaintiff purports to assert. Section 1689(b) provides the grounds on which a "party to a contract" may unilaterally rescind the contract, including on the bases of mistake or lack of consideration. See Cal. Civ. Code § 1689(b)(1)–(2). Section 1572 sets out the definition of actual fraud. These provisions do not support Plaintiff's claim to rescind the foreclosure sale to which she was not a party. The rescission claims are therefore **DISMISSED with prejudice**, as against both Chase and Freddie Mac.

Chase argues that Plaintiff's wrongful foreclosure claim is fatally flawed, because Plaintiff has failed to adequately allege tender of or ability to tender the full amount of the debt, and because she has not overcome the common law and statutory presumptions of the validity of the foreclosure sale. (See Chase Mem. at 10–15.) Plaintiff argues that she is not required to tender, because the foreclosure sale in this case was not voidable due to a notice or procedural irregularity, but instead was void, because it was made in violation of a promise to postpone and because Chase had no power of sale. (Opp. at 15–19.) For the same reason, she has overcome the presumption of the validity of the foreclosure sale.

Under California law, the borrower is "required to allege tender of the amount of [the lender's] secured indebtedness in order to maintain any cause of action for irregularity in the sale procedure." Abdallah v. United Savings Bank, 51 Cal. Rptr. 2d 286, 292 (Ct. App. 1996); see also FPCI RE-HAB 01 v. E & G Investments, Ltd., 255 Cal. Rptr. 157, 160 (Ct. App. 1989); Karlsen v. Am. Sav. & Loan Assn., 92 Cal. Rptr. 851, 853–54 (court of equity lacks jurisdiction to set aside foreclosure sale "when the complaint fails to show payment of the obligation for which the property was security or an offer in good faith to pay and . . . implicit in such offer must be the ability to pay"). ". . . [I]t is a debtor's responsibility to make an unambiguous tender of the entire amount due or else suffer the consequence that the tender is of no effect."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-01486 GAF (Ex) | Date | June 18, 2012 |
|---|---|---|---|
| Title | Wing Shan Chan v. Chase Home Finance LLC et al | | |

Gaffney v. Downey Savings & Loan Assn, 246 Cal. Rptr. 421, 427 (Ct. App. 288).  However, tender is not required to challenge a void foreclosure sale.  See, e.g., Dimmock v. Emerald Properties LLC, 97 Cal. Rptr. 2d 255, 262 (Ct. App. 2000).

        Moreover, nonjudicial foreclosure sales are presumed valid under the common law, and so long as all statutory requirements, under Cal. Civ. Code section 2924, have been satisfied. Brown v. Busch, 313 P.2d 19, 21 (Cal. Ct. App. 1957); Cal. Civ. Code § 2924.  "A properly conducted nonjudicial foreclosure sale constitutes a final adjudication of the rights of the borrower and lender."  Moeller v. Lien, 30 Cal. Rptr. 2d 777, 783 (1994).  To overcome this presumption of validity, the borrower challenging a foreclosure sale must produce "substantial evidence of prejudicial procedural irregularity."  Melendrez v. D & I Investment, Inc., 26 Cal. Rptr. 3d 413, 430 (Ct. App. 2005).

        Here, Plaintiff has adequately alleged that a substantial and prejudicial procedural irregularity was present, because Chase had agreed to postpone the foreclosure sale so long as Plaintiff made forbearance payments while her modification application was under consideration, but foreclosed on the property notwithstanding her compliance with the agreement and without warning to Plaintiff.  Cal. Civ. Code section 2924g(c)(1) provides that sale proceedings may be postponed "[b]y mutual agreement, whether oral or in writing, of any trustor and any beneficiary or any mortgagor and any mortgagee."  Cal. Civ. Code § 2924g(c)(1)(C).  As discussed above, Plaintiff adequately alleges that a valid oral agreement to postpone was reached here, preventing Chase from foreclosing on the property unless Plaintiff failed to make forbearance payments or unless her modification application was denied in good faith.  See Residential Capital v. Cal-Western Reconveyance Corp., 134 Cal. Rptr. 2d 162, 173–175 (Ct. App. 2003) (sale in violation of oral agreement to postpone constitutes a "substantial defect in the statutory procedure that is prejudicial to the interests of the trustor").  Therefore, Plaintiff need not allege tender, and her complaint states a claim for wrongful foreclosure.  The cases cited by Chase do not mandate a different determination.  See Nguyen v. Calhoun, 129 Cal. Rptr. 2d 436, 444–45 (Ct. App. 2003) (foreclosure sale could not be set aside based on lender's breach of oral agreement to postpone the foreclosure sale where borrowers did not satisfy their obligation to notify the lender in a timely and accurate manner that their prospective purchaser had funding to pay off the loan).  Chase's motion to dismiss Plaintiff's wrongful foreclosure claim is **DENIED**.  However, because no facts are alleged against Freddie Mac, the claim is **DISMISSED** as against it **with prejudice**.

        **4. QUIET TITLE**

        To state a claim to quiet title, the complaint must include [1] "[a] description of the

LINKS: 31, 32

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-01486 GAF (Ex) | Date | June 18, 2012 |
|---|---|---|---|
| Title | Wing Shan Chan v. Chase Home Finance LLC et al | | |

property that is the subject of the action;" [2] "[t]he title of the plaintiff as to which a determination under this chapter is sought and the basis of the title;" [3] "[t]he adverse claims to the title of plaintiff;" [4] "[t]he date as of which the determination is sought;" and [5] "[a] prayer for the determination of the title of the plaintiff against the adverse claims." Cal. Civ. Proc. Code § 761.020. Additionally, a plaintiff must file a verified complaint. Cal. Civ. Proc. Code § 761.020. As discussed above, because Plaintiff has adequately alleged that the foreclosure sale was void, the tender requirement is inapplicable in this case.

As an initial matter, Plaintiff's claim fails as a matter of law against Chase, because Chase no longer holds title to the property and thus has no adverse claim to it. Accordingly, the claim is **DISMISSED** as against Chase **with prejudice**.

As presently alleged, the claim also fails as against Freddie Mac, because Plaintiff's FAC is not verified. However, Plaintiff's FAC otherwise adequately describes the subject property, alleges that she has title because she complied with the terms of the trust deed, including the enforceable oral forbearance agreement, and seeks a determination of her title as against Freddie Mac's adverse claim. Accordingly, the quiet title claim is **DISMISSED with leave to amend**.

**5.  NEGLIGENCE AND NEGLIGENCE PER SE**

Plaintiff alleges that Chase committed negligence and negligence per se because it breached its statutory duties under California Civil Code section 2924 by foreclosing on the property when it lacked the power of sale, and because it failed to use due care in asking Cal-Western to postpone the foreclosure sale. (FAC ¶¶ 67–68, 71.)

"The existence of a duty of care owed by a defendant to a plaintiff is a prerequisite to establishing a claim for negligence." Nymark v. Heart Fed. Sav. & Loan Assn., 283 Cal. Rptr. 53, 56 (Ct. App. 1991) (citation omitted). "[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." Id. (citation omitted). See also Wagner v. Benson, 161 Cal. Rptr. 516, 521 (Ct. App. 1980) ("Liability to a borrower for negligence arises only when the lender actively participates in the financed enterprise beyond the domain of the usual money lender.") (quotation omitted).

Here, Plaintiff cannot allege that she was owed a duty of care by Chase, her mortgage lender, or by Freddie Mac who later purchased the foreclosed-upon property from Chase. Accordingly, her negligence claims are **DISMISSED with prejudice**.

LINKS: 31, 32

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-01486 GAF (Ex) | Date | June 18, 2012 |
|---|---|---|---|
| Title | Wing Shan Chan v. Chase Home Finance LLC et al | | |

**6. UNJUST ENRICHMENT AND CONSTRUCTIVE TRUST**

Plaintiff has voluntarily agreed to dismiss her claims for unjust enrichment and constructive trust. (See Opp. at 21.) Accordingly, these claims are **DISMISSED without leave to amend**.

**7. DECLARATORY RELIEF**

Finally, Defendants move to dismiss Plaintiff's claim for declaratory relief on the basis that they are duplicative of her other claims and that her FAC as a whole fails to demonstrate the existence of an actual controversy. (Chase Mem. at 19–20; Freddie Mac Mem. at 10–11.) Plaintiff seeks a judicial determination that (1) Plaintiff has owned a complete and undivided present possessory interest in a fee simple absolute estate in the property; (2) the foreclosure sale is void; (3) any trustee's deed upon sale issuing from the foreclosure sale is void and rescinded; (4) the claims of any person other than Plaintiff to an interest in the property are without any right and these persons have no right, title, estate, lien or interest in the property; and (5) Plaintiff is entitled to damages from Defendants in a sum according to proof. (FAC ¶ 150.)

"Declaratory relief is appropriate '(1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.'" Guerra v. Sutton, 783 F.2d 1371, 1376 (9th Cir. 1986). "The existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate." Fed. R. Civ. Proc. 57. Declaratory relief should be denied, however, if it will "'neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties.'" Permpoon v. Wells Fargo Bank Nat. Ass'n, No. 09–CV–01140–H (BLM), 2009 WL 32114321, *5 (S.D. Cal. Sep. 29, 2009) (citing United States v. Washington, 759 F.2d 1353, 1356–57 (9th Cir. 1985)).

In this case, although the declaratory relief requested overlaps with Plaintiff's other claims, it will serve a useful purpose in settling title to the property and affording relief to the Parties from the controversy. Defendants' motions to dismiss this claim is therefore **DENIED**.

**III.
CONCLUSION**

Based on the foregoing discussion, the motions to dismiss are **GRANTED in part** and **DENIED in part**. Plaintiff may file an amended complaint as to those claims dismissed with

LINKS: 31, 32

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-01486 GAF (Ex) | Date | June 18, 2012 |
|---|---|---|---|
| Title | Wing Shan Chan v. Chase Home Finance LLC et al | | |

leave to amend **no later than the close of business on Friday, June 29, 2012**.  <u>**Failure to file an amended complaint by this deadline will be deemed consent to dismissal of the deficient claims with prejudice.**</u>

**IT IS SO ORDERED.**